UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KERWIN D. SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV465 JCH |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court on Petitioner's Applications for Appointment of Counsel, filed March 23, and April 19, 2011. (Doc. Nos. 4, 9). There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether the petitioner will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the petitioner's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Petitioner's Applications for Appointment of Counsel in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Kerwin Scott indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Petitioner's Applications for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Applications for Appointment of Counsel (Doc. Nos. 4, 9) are **DENIED**.


Dated this 20th day of April, 2011.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE