UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERWIN D. SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV465 JCH |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Kerwin D. Scott's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On August 25, 2008, Petitioner pled guilty in the Circuit Court of St. Louis County, Missouri, to one count of driving while intoxicated as a chronic offender, one count of possessing a loaded firearm while intoxicated, one count of tampering with a motor vehicle in the first degree, one count of leaving the scene of an accident, one count of operating a motor vehicle while license is revoked, and one count of failing to drive on the right half of roadway. Petitioner was sentenced to a total of ten years imprisonment. Petitioner did not appeal his convictions or sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing. (Resp. Exh. A). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Scott v. State, 326 S.W.3d 831 (Mo. App. 2010).

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following two claims for relief:

(1) That the trial court erred in accepting his guilty pleas, as the resultant convictions violated the Double Jeopardy Clause; and

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed properly to argue Petitioner's motion to dismiss on the basis of double jeopardy.

(§ 2254 Petition, PP. 16-38).

## DISCUSSION

### I. Procedural Default

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed properly to argue Petitioner's motion to dismiss on the basis of double jeopardy. (§ 2254 Petition, PP. 26-38). Although Petitioner raised the claim asserted in Ground 2 in his post-conviction motion, a review of the record reveals he failed to pursue the claim on appeal of the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id., citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). Because Petitioner failed to raise the claim stated in Ground 2 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the federal claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995).

Petitioner has not shown cause for his failure to raise the claim in state court.[1] In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Therefore, the claim raised in Ground 2 of the instant petition is procedurally barred and must be denied.

## II. Claim Addressed On The Merits

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in accepting his guilty pleas, as the resultant convictions violated the Double Jeopardy Clause. (§ 2254 Petition, PP. 16-25). Petitioner raised this claim before the Missouri Court of Appeals, and the court denied the claim as follows:

> Movant[2] was charged with a variety of crimes stemming from several incidents, including an incident on August 5, 2007, for which Movant was charged with, among other charges, the class B felony of driving while intoxicated as a chronic offender, the class A misdemeanor of leaving the scene of an accident, and the class A misdemeanor of operating a motor vehicle while his license was revoked.
>
> Before the plea hearing, Movant filed a motion to dismiss based on double jeopardy, alleging he had previously pleaded guilty in the Municipal Court of the City of Ferguson to the charges of driving while intoxicated,

---

[1] Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction appellate counsel erroneously abandoned the issue on appeal of the denial of his Rule 24.035 motion. (See ECF No. 18, PP. 3-5). The Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54, citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Further, under Eighth Circuit law, "it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." Battle v. Dormire, 2007 WL 803624 at *4 (E.D. Mo. Mar. 13, 2007), citing Clay v. Bowersox, 367 F.3d 993, 1005-1006 (8th Cir. 2004). Thus, to the extent Petitioner asserts the error of his post-conviction attorney constitutes cause to excuse his procedural default, his argument fails. Battle v. Dormire, 2007 WL 803624 at *4.

[2] Petitioner is referred to as "Movant" by the post-conviction appellate court.

leaving the scene of an accident, and operating a motor vehicle while his license was revoked based on the August 5, 2007 incident. The plea court held a hearing. The State advised the plea court that Movant had written a letter to the Municipal Court of the City of Ferguson asking to plead guilty and to receive credit for jail-time served on all three charges. However, because the tickets that were issued for the charges were based upon state statutes, rather than municipal ordinances, the municipal court lacked jurisdiction to accept Movant's pleas of guilty. Although the municipal judge had never signed off on any plea of guilty, the court clerk had, nevertheless, made an entry indicating the municipal court had accepted pleas of guilty.

The State told the plea court that upon receiving this information, the prosecutor for the City of Ferguson initiated paperwork to remove the guilty pleas from the computer system as a clerical error and to enter an order declaring that the municipality had no jurisdiction over the charged violations of state statutes. Thereafter, a municipal judge for the City of Ferguson entered an order setting aside any guilty plea that might have been entered on Movant's charges, stating the municipal court lacked jurisdiction.

The State provided the plea court with documentation supporting its position that there was no double jeopardy issue. The plea court subsequently denied Movant's motion to dismiss for double jeopardy.

At the plea hearing, Movant withdrew "all previously filed motions with regard to all three of his cases and...admit[ted] allegations in all three indictments in all three cases." After the State set forth the factual basis for the guilty pleas, Movant pleaded guilty to all three charges. Thereafter, the plea court sentenced Movant to ten years' imprisonment for the class B felony of driving while intoxicated as a chronic offender, six months in the county jail for the class A misdemeanor of leaving the scene of an accident, and six months in the county jail for the class A misdemeanor of operating a motor vehicle while his license was revoked, with these sentences to run concurrent to one another and concurrent to other sentences he received, for a total of ten years' imprisonment.

Movant subsequently filed a Rule 24.035 motion for post-conviction relief. Movant alleged the plea court violated Movant's right to be free from double jeopardy when it accepted his guilty pleas to the class B felony of driving while intoxicated as a chronic offender, the class A misdemeanor of leaving the scene of an accident, and the class A misdemeanor of operating a motor vehicle while his license was revoked because he had previously been convicted upon guilty pleas to the same offenses in the Municipal Court of the City of Ferguson. Movant also alleged his plea counsel was ineffective for advising Movant to plead guilty in violation of his right to be free from double jeopardy.

Movant subsequently withdrew his request for an evidentiary hearing, following a pre-hearing conference, at which the parties discussed the transcript of the hearing on the motion to dismiss for double jeopardy. Thereafter, the motion court issued its findings of fact and conclusions of law denying Movant's Rule 24.035 motion. The motion court found there was no double jeopardy violation and plea counsel was not ineffective. Movant now appeals.

In his sole point, Movant asserts the motion court erred in denying his Rule 24.035 motion for post-conviction relief because the plea court accepted Movant's guilty pleas to the class B felony of driving while intoxicated as a chronic offender, the class A misdemeanor of leaving the scene of an accident, and the class A misdemeanor of operating a motor vehicle while his license was revoked in violation of Movant's right to be free from double jeopardy. We disagree.

Our review of a motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); Simmons v. State, 100 S.W.3d 143, 145 (Mo. App. E.D. 2003). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. Simmons, 100 S.W.3d at 145. When reviewing a motion court's ruling, we presume the motion court's findings are correct. Id.

Here, Movant was charged with the violations of state statutes, not municipal ordinances. Thus, even though Movant wished to plead guilty in municipal court, the municipal court had no jurisdiction to accept those pleas. Section 479.170. While there was a clerical error reflecting entry of guilty pleas and sentences of time served, the municipal court judge clarified those problems by entering an order setting aside any guilty pleas due to lack of jurisdiction.

Thus, Movant has no prior municipal convictions in this case and, as the motion court found, there is no double jeopardy issue. The motion court's findings of fact and conclusions of law are not clearly erroneous and the motion court did not clearly err in denying Movant's Rule 24.035 motion.

(Resp. Exh. E, PP. 2-5 (footnote omitted)).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri court is entitled to deference. This Court's review of the record clearly demonstrates the Missouri court's factual finding that the municipal judge set aside Petitioner's purported guilty pleas for lack of jurisdiction was not unreasonable in light of the evidence presented in State court. (See Resp. Exh. B).[3]

The Double Jeopardy Clause of the Fifth Amendment "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." Monge v. California, 524 U.S. 721, 727-728, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998), citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). See also United States v. Rea, 300 F.3d 952, 956 (8th Cir. 2002). Because Petitioner received neither convictions nor acquittals in the municipal court, the Double Jeopardy Clause did not bar his convictions in Missouri State court.[4] Ground 1 is denied.

---

[3] Even if the municipal judge had not set aside the pleas, this Court agrees the convictions were void, as the municipal court lacked jurisdiction to enter convictions on the state law charges against Petitioner.

[4] With respect to the prohibition against multiple punishments, the Court notes the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997) (citations omitted). Under Missouri law, the imposition of restrictions on one's driving privileges in an administrative proceeding does not constitute a criminal punishment for double jeopardy purposes.

- 6 -

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this  31st  day of October, 2011.

                                               /s/Jean C. Hamilton
                                               UNITED STATES DISTRICT JUDGE

---

See Krupp v. Director of Revenue, State of Mo., 930 S.W.2d 482 (E.D. Mo. 1996), citing State v. Mayo, 915 S.W.2d 758, 762-63 (Mo. banc 1996). The fact that points were assessed on Petitioner's driver's license as a result of these charges thus does not affect the Court's double jeopardy analysis.